UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES R. CROCKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:20-CV-1417 PLC |
| | ) |
| MICHELE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner James Crocker's *pro se* petition for writ of habeas corpus pursuant the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. [ECF No. 1] Petitioner seeks relief from a state court conviction and sentence entered after a jury trial, raising nineteen grounds for relief. [ECF No. 1] Respondent Michele Buckner counters that the petition is untimely, many of the petition's grounds for relief are procedurally defaulted, and all of the grounds for relief lack merit. [ECF No. 8] Petitioner filed a brief in reply supporting his petition. [ECF No. 17] For the reasons set forth below, the Court dismisses the petition as untimely without addressing the merits of Petitioner's grounds for relief.

**I.      Background**

On May 14, 2014, a jury found Petitioner guilty of second-degree murder in the shooting death of Paul Dart, Jr. [ECF No. 8-2, pgs. 7, 31, 37, 40]  On August 19, 2014, in accordance with the jury's recommendation, the circuit court of Crawford County, Missouri sentenced Petitioner to 25 years' imprisonment. [ECF No. 8-2, pgs. 37, 40; 8-1, pg. 822] Petitioner filed a direct appeal

and, on December 9, 2015, the Missouri Court of Appeals affirmed Petitioner's conviction and sentence.[1] [ECF No. 8-2, pg. 45; 8-5]

On March 22, 2016, Petitioner filed a post-conviction motion pursuant to Missouri Supreme Court Rule 29.15. [ECF No. 8-7]  The motion court denied Petitioner's claims after conducting an evidentiary hearing. [ECF No. 8-7, pg. 41-45]  Petitioner appealed, and the Court of Appeals affirmed the motion court's decision on October 4, 2019.[2] [ECF No. 8-10]  Petitioner filed the instant petition seeking habeas relief on October 1, 2020. [ECF No. 1]

## II.  Discussion

Respondent requests that the Court dismiss the petition as untimely, asserting that Petitioner filed his action 433 days after Petitioner's judgment became final, excluding those periods during which the statute of limitations was tolled for Petitioner's post-conviction relief proceedings. [ECF No. 8] Petitioner responds that his petition was timely filed because "[t]he mandate on [Petitioner's] state postconviction proceeding was issued and filed on October 22, 2019" and his petition for writ of habeas corpus was filed "within one year and was timely." [ECF No. 17]

Under the AEDPA, state prisoners have one year to file their petition for federal habeas corpus relief after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[3]  28 U.S.C. § 2244(d)(1)(A); Boston v.

---

[1] State v. Crocker, 479 S.W. 3d 174 (Mo. App. S.D. 2015).
[2] Unpublished order, Crocker v. State, SD35921, October 4, 2019.
[3] The one-year statute of limitations begins to run on the latest of four alternative dates, including:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

Weber, 525 F.3d 622, 624 (8th Cir. 2008). If a petitioner does not timely file a federal habeas petition, then the Court must dismiss the petition. See Cross-Bey v. Gammon, 322 F.3d 1012 (8th Cir. 2003) (reversing and remanding for dismissal of the habeas petition as not timely filed).

A judgment becomes final under 28 U.S.C. §2244(d)(1)(A) when the time for seeking review in the state's highest court expires. Gonzalez v. Thaler, 565 U.S. 135, 150 (2012). When a Missouri prisoner files a direct appeal but does not file a motion to transfer to the Missouri Supreme Court, the statute of limitations begins to run 15 days after the Missouri Court of Appeals affirms the conviction, as this is when the prisoner may no longer seek further review. See Camacho v. Hobbs, 774 F.3d 931, 934-35 (8th Cir. 2015) (when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S. Ct. R. 83.02 (a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

If the petitioner files a post-conviction petition, the statute of limitations is tolled while the post-conviction action is pending. 28 U.S.C. §2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); see Boston, 525 F.3d at 624. The statute of limitations remains tolled throughout the entirety of the post-conviction process. See Carey v. Saffold, 536 U.S. 214, 219-

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, the first provision provides the relevant start date.

3

20 (2002) (an application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process"). This period encompasses the time between the denial of a post-conviction motion and the timely filing of an appeal. See Peterson v. Gammon, 200 F.3d 1202, 1205 (8th Cir. 2000) (the "ordinary meaning of the word 'pending' ... includes the entire period during which a notice of appeal from a denial of post-conviction review would be timely, assuming such a notice was in fact filed"). The post-conviction process ends on the date the Court of Appeals issues its mandate. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of the mandate in his post-conviction case, was timely). However, the period between the date on which a petitioner's case became final on direct review and the date on which he filed for postconviction relief, is not tolled and counts against the one-year statute of limitations. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); Boston, 525 F.3d at 624-26.

Applying these principles to Petitioner's case demonstrates that the petition is untimely. Here, Petitioner filed a direct appeal and the Court of Appeals affirmed the judgment on December 9, 2015. Petitioner did not file a motion for rehearing or a motion to transfer so the judgment became final 15 days later, on December 24, 2015. On that date, the Section 2244(d)(1) one-year statute of limitations began to run and continued to run for 89 days until Petitioner filed his post-conviction motion on March 22, 2016.

The statute of limitations was tolled until the post-conviction process ended on October 22, 2019, the date on which the Missouri Court of Appeals issued its mandate affirming the motion court's judgment. At this point, the one-year statute of limitations began to run again and

continued to run until Petitioner filed his 28 U.S.C. §2254 petition on October 1, 2020. Between October 22, 2019 and October 1, 2020, an additional 345 days elapsed. Adding together the 89 days between the end of direct review and the filing of his Rule 29.15 postconviction motion in the circuit court, and the 345 days between the issuance of the Court of Appeals' mandate in the post-conviction proceeding and the filing of the instant petition, results in a total of 434 days. The one-year statute of limitations for Petitioner to file his federal petition for writ of habeas corpus expired on July 24, 2020. Petitioner filed his petition on October 1, 2020 -- 69 days past the deadline. Accordingly, the petition is untimely.

While not mentioned by either party, the one-year period under § 2244(d) is subject to the doctrine of equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). A petitioner seeking to benefit from equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling provides only "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). The burden is on the petitioner to demonstrate grounds warranting application of equitable tolling. Pace, 544 U.S. at 418. "The extraordinary circumstance that prevents a petitioner from timely filing his federal [habeas] application must be external to the petitioner and not attributable to his actions." Johnson v. Hobbs, 678 F.3d 607, 611 (8th Cir. 2012).

Petitioner provides no explanation for the delay in pursuing his claim. Petitioner has not alleged or demonstrated that an "extraordinary circumstance" prevented him from timely filing his federal habeas petition. Under the circumstances, equitable tolling is inapplicable. Cross-Bey, 322 F.3d at 1015–16 (equitable tolling not warranted in the case of unrepresented prisoner alleging a lack of legal knowledge or resources).

Finally, although not mentioned by the parties, in rare instances, the AEDPA's one-year limitations period can be overcome by a "convincing" claim of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1935 (2013). This miscarriage of justice exception to the AEDPA's one-year limitation period requires a petitioner to present a credible claim of actual innocence based on new evidence and to "show that it is more likely than not that no reasonable [fact-finder] would have convicted him in the light of the new evidence." Id. (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). "Actual innocence[,]" however, "means factual innocence, not mere legal insufficiency." Bousley v. U.S., 523 U.S. 614, 623 (1998).

Although Petitioner states "[t]his is an actual innocent [sic] claim" in his petition and that "he is actually innocent" in his brief in support of his petition, Petitioner also acknowledges that the victim was shot in the head after Petitioner fired two "warning" shots. [ECF No. 17, pg. 2] Moreover, the bulk of Petitioner's grounds for relief focus on Petitioner's desire to present additional evidence in support of his trial defense that he had the right to use force to protect his property from the victim. Accordingly, Petitioner fails to meet the high burden of demonstrating that it is more likely than not that no reasonable jury would have convicted him in light of the new evidence, thus, entitling him to the miscarriage of justice exception to the statute of limitations.

### III.  Conclusion

Petitioner filed his federal habeas action beyond the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1)(A). An extension of the limitation period is not warranted under equitable tolling principles and is not available under the miscarriage of justice exception to the AEDPA's limitation provision. Because Petitioner clearly filed an untimely federal habeas petition, the Court need not address the merits of Petitioner's grounds for relief. Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Petitioner James R. Crocker's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DISMISSED** as untimely.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of September, 2023